IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JOHNNY HORTTOR, § | |
| (TDCJ No. 02042196) § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 1:16-CV-214-BP |
| § | |
| BRAD LIVINGSTON, *et al.*, § | |
| § | |
| Defendants § | |

## REPORT AND RECOMMENDATION

This case was assigned to the United States Magistrate Judge under a then applicable Special Order No. 3-301. Although Plaintiff Johnny Horttor consented to resolution by a magistrate judge (ECF No. 8), recently appearing parties have not had the opportunity to consent.

Horttor, acting *pro se*, filed a civil complaint to initiate this action while he was housed in the TDCJ Ware Unit. Complaint, 1, ECF No. 1. He later updated his address to the TDCJ Neal Unit in Amarillo, Texas. Notice of Change of Address, ECF No. 11. That address remains the address of record on the docket of this case, and it was the address listed on the last document filed by Horttor, a motion for appointment of counsel filed on June 28, 2019. Mot. Counsel 4, ECF No. 65. Then, by Order dated August 7, 2019, this Court denied Horttor's motion for the appointment of counsel. The envelope containing Horttor's copy of that order was returned to the Clerk of Court on August 27, 2019, stamped "Return to Sender" with the handwritten note "Dism." ECF No. 68. But Plaintiff Horttor has not further updated his address of record with the Court. The address of record as of this date is still the TDCJ Neal Unit in Amarillo. Subsequent court staff telephone contact with the TDCJ Records Office indicates that Horttor was released on parole.

Under the local civil rules of this Court, Plaintiff is obligated to keep the Court apprised of

his current address. *See* N.D. TEX. CIV. R. 1.1(c)(2), 83.13 & 83.14. This Court issued a document entitled "Instructions to a Prisoner *Pro Se* Plaintiff," which included the notice: "Address change - You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written notice of address in your case." ECF No. 4. Furthermore, the instructions contained in the form civil rights complaint most recently filed by Horttor informed him of his obligation to keep his address current:

> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion(s) for any other relief. Failure to file a **NOTICE TO THE COURT OF CHANGE OF ADDRESS** may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Second Am. Complaint 2, ECF No. 58. Furthermore, in a "declaration" section at the end of that pleading, Horttor subscribed to the statement: "I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." *Id.* at 8.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff Horttor has failed to keep the Court apprised of his current address as required by the local rules, *see* N. D. Tex. Civ. R. 83.13 and 83.14, and in direct conflict with the instructions provided to him, it appears that he no longer desires to pursue his claims in this cause, such that the remaining claims in this case should be dismissed for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that all remaining claims in this Civil Action No. 1:16-CV-214-BP be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

August 30, 2019.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE